IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 5 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| SHARON GOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-462-A |
| | § | |
| KROGER TEXAS, L.P., ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration in the above-captioned action the motion to remand filed by plaintiff, Sharon Good. Having considered plaintiff's motion, the response of defendant Kroger Texas, L.P. ("Kroger"), and applicable legal authorities, the court concludes that Kroger has not proved by a preponderance of the evidence that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists, and that the motion to remand should be granted, and this action should be remanded to the state court from which it was removed.

I.

<u>Background and Grounds for the Motion</u>

Plaintiff initiated this action by filing her original petition against defendants in the County Court at Law No. 1, Tarrant County, Texas, as Cause No. 2013-002562-1. Defendants,

Kroger Texas, L.P., Circle Glass LLC, Circle Glass Imports, LLC, and Circle Glass Imports, Inc., removed the action to this court, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists because of complete diversity of citizenship and an amount in controversy that exceeds $75,000.00.

In her motion, plaintiff contends that the amount in controversy requirement is not met because she is not seeking in excess of $75,000.00, and the face of the petition contains no statement of an amount in controversy. In its response, Kroger contends that because plaintiff indicated on her state civil cover sheet that she was seeking between $100,000.00 and $200,000.00, and because the complaint contains descriptions of damages plaintiff seeks, the requirement is satisfied and this court has subject matter jurisdiction.

II.

Analysis

A. Basic Principles of Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

B.  <u>Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332</u>

To establish jurisdiction pursuant to 28 U.S.C. § 1332, Kroger must establish complete diversity between the parties and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. The amount in controversy is measured from the perspective of the plaintiff. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an

3

affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

For its argument that the amount in controversy exceeds $75,000.00, Kroger relies primarily on plaintiff's state court civil cover sheet, on which a box was checked indicating that plaintiff was seeking more than $100,000.00 but less than $200,000.00 in damages. However, courts have recognized that "a statement about damages amount in a civil cover sheet is not sufficient to establish the jurisdictional minimum amount in controversy." Morse v. Am. Sec. Inc. Co., No. H-10-4606, 2011 WL 332544, at *2 (S.D. Tex. Jan. 28, 2011) (citing additional cases). Additionally, the civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure. See id.; Fed. R. Civ. P. 11. Furthermore, an election on a civil cover sheet "is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." Id.; Magdaleno v. L.B. Foster Co., No. 08-CV-1299, 2008 WL 2787344, at *6 (D. Colo. Feb. 19, 2008). Thus, the court determines that a box checked on a state civil cover sheet is insufficient to show that an amount in controversy is facially apparent, and does establish that this court has diversity jurisdiction.

4

Kroger's other primary argument relies on various statements in the complaint relating to plaintiff's injuries and the types of damages she is seeking. Kroger argues that because the complaint alleges that plaintiff sustained "severe and permanent physical injuries" and required "extensive hospital and medical care;" and because plaintiff is seeking damages for past and future medical bills, physical pain, mental anguish, travel expenses related to medical treatment, past and future impairment, past and future lost earning capacity, and past and future disfigurement; that the amount in controversy is satisfied. Kroger's Br. at 4-5. While such allegations indicate that plaintiff may have sustained painful injuries, descriptions of such injuries and related damages, without more, do not establish by a preponderance of the evidence that plaintiff is seeking in excess of $75,000.00 in damages. Kroger alleges no facts regarding the value to plaintiff of the relief she is seeking for her injuries, and Kroger's argument that the allegations in the complaint provide the requisite amount in controversy is far too speculative to persuade the court that it has subject matter jurisdiction over this action. Accordingly, the court concludes that Kroger has not met its burden, and that the case should be remanded to the state court from which it was removed.

III.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted, and that is action be, and is hereby, remanded to the state court from which it was removed.

SIGNED August 5, 2013.

_____
JOHN McBRYDE
United States District Judge